KAUFMAN *v.* THE HENRY CLAY FIRE INS. CO.

(Decided April 2, 1929.)

*Messrs. Dinsmore, Shohl & Sawyer,* for plaintiff in error.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

CUSHING, P. J.  Clarence Kaufman owned and operated a barbecue stand on the Batavia pike, near Newtown, Ohio.  July 23, 1925, he took a fire insurance policy in the Henry Clay Fire Insurance Company on the following property:

"$1000—On one story, frame, approved composition roof and its additions thereto.  Used as restaurant, soft drinks and confectionery, serving chicken and steak dinners and barbecue sandwiches.

"$600—On fixtures, cash register, meat cutters,

tables, chairs, and all other fixtures not more hazardous and usually used in restaurant, confectionery and soft drinks, all while contained in the above described building.

"$200—Stock of meats, candies, cigars, ice cream, soft drinks, coffee, all while contained in above described building."

The building and contents were totally destroyed by fire on either December 11 or 12, 1925. Payment of the loss was refused by the insurance company, and an action on the policy was filed in the court of common pleas against the company, to which several defenses were pleaded.

The trial court instructed a verdict for the defendant, and this action is prosecuted to reverse the judgment entered on that verdict.

The policy contains the following provision:

"This entire policy, unless otherwise provided by agreement endorsed herein or added hereto, shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee simple," etc.

The question presented is whether the policy is severable or void. If severable, there could be recovery for the insurance on the chattel property. If void, the court was not in error in instructing a verdict for the defendant.

In the case of *Germania Fire Ins. Co.* v. *Schild,* 69 Ohio St., 136, 68 N. E., 706, 100 Am. St. Rep., 663, the court held:

"An insurance policy which contains a stipulation that 'this entire policy shall be void' on certain named conditions, is not a severable risk, although the amount of insurance is distributed among dif-

ferent classes or articles of property. *Coleman &
Co.* v. *Insurance Co.,* 49 Ohio St., 310 [31 N. E., 279,
16 L. R. A., 174, 34 Am. St. Rep., 565], distinguished.''

It is claimed by the plaintiff in error that the
agent of the insurance company knew that the building
was on leased ground, and therefore the company
is estopped to defend on the ground that the
provision in the policy, above quoted, voids the
policy. The only evidence in the record that even
intimates that any question was raised as to the
ownership of the land was in the testimony of Mrs.
C. Kaufman. She testified that during the warm
weather, Hendrixson, the agent for the insurance
company, talked to her about Clara Kaelin leaving
there in the afternoon, and she stated the substance
of the conversation was as follows:

''Mr. Hendrixson came in for lunch and asked
me where was Clara—laid off? I told him on account
of her father making a kick about not letting
her off in the afternoon I was compelled to come
up here this afternoon to keep peace, especially renting
off the people,'' etc.

On authority of *Germania Fire Ins. Co.* v. *Schild,
supra,* and the cases therein cited, the judgment of
the court of common pleas will be affirmed.

*Judgment affirmed.*

Ross, J., concurs.

HAMILTON, J., concurring. I concur in the affirmance
of the judgment in this case with some reluctance,
in view of the fact that I feel that the risk is
severable in this case, and that the law as laid down
in the case of *Coleman & Co,* v, *Insurance Co.,* 49

Ohio St., 310, 31 N. E., 279, 16 L. R. A., 174, 34 Am. St. Rep., 565, is the better law. However, being of the opinion that the case of *Germania Fire Ins. Co.* v. *Schild,* 69 Ohio St., 136, 68 N. E., 706, 100 Am. St. Rep., 663, in effect overrules the case of *Coleman* v. *Insurance Co.,* I concur in the decision.